UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GEORGE DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>RAPID AUTO LOANS, LLC<br><br>Defendant. | CIVIL COMPLAINT<br><br>Case No. 4:20-cv-01068<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

**NOW COMES** George Diaz ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of Rapid Auto Loans, LLC ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff bring this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 *et seq.*, and Invasion of Privacy ("IOP").

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TDCA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

1

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is an auto title loan company whose principal office is located at 911 E. Atlantic Blvd., Suite 101, Pompano Beach, Florida 33060.

7. Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the events giving rise to this cause of action, Plaintiff took out a $1,000 title loan from Defendant sometime in 2010.

9. Plaintiff fell into an unforeseeable financial hardship and was no longer able to make his scheduled payments to Defendant, resulting in an outstanding balance ("subject debt").

10. In January 2020, Plaintiff started to receive unsolicited text messages from Defendant to his cellular phone number (407) XXX-9888, attempting to collect the subject debt.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this telephone and its services.

12. Defendant's text messages failed to portray Plaintiff's right to opt-out of receiving these unsolicited text messages.

13. However, due to the onslaught of text messages from Defendant, on February 14, 2020 at approximately 10:47AM, Plaintiff replied to the text message with "STOP."

14. Failing to acquiesce to Plaintiff's demand that it not contact him, Defendant continued to text Plaintiff from multiple different numbers without his prior consent.

15. Plaintiff continued to request Defendant to stop on multiple occasions via text message including the following dates:

> 02/14/2020
> 02/28/2020
> 03/05/2020
> 03/12/2020
> 03/28/2020
> 04/01/2020
> 04/02/2020
> 04/06/2020
> 05/25/2020
> 07/10/2020
> 07/13/2020

16. In total, Plaintiff requested Defendant to stop on 15 separate occasions, often times with multiple requests on the same date.

17. Each time Plaintiff requested to stop the text messages, Plaintiff would receive an auto-reply confirmation that he has been unsubscribed.

18. Failing to acquiesce to Plaintiff's multiple demands that it not contact him, Plaintiff continued to receive 57 unsolicited text messages from multiple phone numbers from Defendant between February 2020 and the present day.

## DAMAGES

19. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

20. Plaintiff have expended time consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

21. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to their cellular telephones, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I-VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant repeatedly placed or caused to be placed frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

25. The TCPA defines TFM as "equipment which has the capacity...to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

26. Upon information and belief, based on the content of the text messages, Defendant used a TFM.

4

27. Defendant violated the TCPA by sending text messages to Plaintiff's cellular telephone after being told by Plaintiff to stop between February 2020 and the present day.

28. Any prior consent, if any, was revoked by Plaintiff's written revocations.

29. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

30. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

31. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

32. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Arbitrator's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, GEORGE DIAZ, respectfully pray this Arbitrator for the following relief:
   a. Declare Defendant's text message to Plaintiff to be violation of the TCPA;
   b. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Arbitrator deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiffs restate and reallage paragraphs 1 through 32 as through fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

36. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    a. **Violations of TDCA § 391.302**

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

38. Defendant violated the TDCA when it texted Plaintiff repeatedly despite his multiple requests that the text messages cease. The repeated text messages were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

**WHEREFORE**, Plaintiff, GEORGE DIAZ, respectfully pray this Arbitrator for the following relief:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
    c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
    d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
    e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
    f. Award any other relief as the Arbitrator deems just and proper.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

39. Plaintiffs restate and reallage paragraphs 1 through 38 as through fully set forth herein

40. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

41. Defendant's persistent and unwanted text messages to Plaintiff's cellular phone eliminated his right to be left alone.

42. Moreover, Defendant's behavior in continuously contacting Plaintiff by text message at different times throughout the day from multiple phone numbers was highly intrusive and invasive.

43. All of the text messages made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

44. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

45. Defendant's unsolicited text message harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, and continually frustrated and annoyed Plaintiff into submission.

46. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

47. By continuing to call Plaintiff in an attempt to dragoon him into paying the subject debt, Plaintiff had no reasonable escape from these incessant text messages.

48. As detailed above, by persistently sending text messages to Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

49. Defendant's relentless collection conduct and tactic of repeatedly sending text messages to Plaintiff's cellular phone after he requested that these text messages cease on no less than 15 occasions is highly offensive to a reasonable person.

50. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Plaintiff, GEORGE DIAZ, respectfully request that this Arbitrator enter judgment in Plaintiff favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff actual damages;
c. Award Plaintiff punitive damages;
d. Award Plaintiff reasonable attorney's fees & costs;
e. Enjoining Defendant from contacting Plaintiff; and
f. Awarding any other relief as this Arbitrator deems just and appropriate.

Dated: September 28, 2020                                      Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com